UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

<u>**NOT FOR PUBLICATION**</u>

| | |
|---|---|
| KELLY M. PATTERSON, et al.,<br>       Plaintiffs,<br><br>   v.<br><br>CITY OF PERTH AMBOY, et al.,<br>       Defendants. | Civ. Action No. 06-4780 (KSH)<br><br><u>**OPINION AND<br>ORDER**</u> |

<u>**Katharine S. Hayden, U.S.D.J.**</u>

Plaintiff Nicole Larmonie has filed an appeal of the discovery order entered by Magistrate Judge Patty Shwartz denying her request to serve two expert reports on defendants outside of time limits set forth in the third amended pretrial scheduling order.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

   **A.     The Claims**

This case arises out of the fatal shooting of Curtis Good ("Good") by City of Perth Amboy Police Officer Carmen Fazzolari ("Fazzolari") in the early morning hours of August 20, 2004. Plaintiff Kelly Patterson ("Patterson"), acting in her capacity as guardian for Aaliyah Good and Quincy Good, two of Good's children, and as *ad prosequendum* for Good's estate, and plaintiff Nicole Larmonie ("Larmonie"), acting in her capacity as guardian to Lily Larmonie, another of Good's children, filed a second amended complaint in New Jersey Superior Court on August 18, 2006, asserting multiple wrongful death, survivor, and civil rights claims against Fazzolari, the City of Perth Amboy, the Police Department of Perth Amboy, and Police Officer

1

David Sanchez. Defendants removed the second amended complaint to this Court on October 2, 2006.

### B. The Present Appeal

Judge Shwartz's third amended pretrial scheduling order, issued April 13, 2007, directed the parties to serve all affirmative expert reports on their adversaries no later than May 11, 2007 and to serve all responding expert reports by July 10, 2007. (Docket Entry # 14.) The May 11th deadline passed without objection by any party, but during a settlement conference before Magistrate Judge Shwartz on June 5, 2007, plaintiffs sought leave to serve additional expert reports on defendants. Specifically, Patterson sought to serve the report of Edward Mamet, a police practices expert, and Larmonie sought to: (1) supplement the report of Frederick Rast, her police practices expert, (2) serve the report of Dr. Gary Glass, a forensic psychologist retained to opine on Fazzolari's fitness to be a police officer, and (3) supplement the report of Dr. Duc Van Duong, a forensic pathologist, to address the topic of pain and suffering. In an order filed June 29, 2007, Magistrate Judge Shwartz: (1) granted Patterson's request to serve the expert report of Edward Mamet; (2) granted Larmonie's request to supplement the expert report of Frederick Rast; (3) denied Larmonie's request to serve the expert report of Dr. Glass; and (4) denied Larmonie's request to supplement the expert report of Dr. Van Duong. (Docket Entry # 23.) On July 19, 2007, Larmonie filed a motion asking Magistrate Judge Shwartz to reconsider her decision insofar as it denied the requests to serve the reports of Dr. Glass and Dr. Van Duong. (Docket Entry # 26.) Larmonie filed the present appeal after Magistrate Judge Shwartz denied her motion to reconsider on July 20, 2007.

## II.   DISCUSSION

Fed. R. Civ. P. 16(b) provides that a pretrial scheduling order may only be modified upon a showing of "good cause" by the party seeking the modification.  The Advisory Committee Notes on the 1983 Amendments to Subdivision (b) of Fed. R. Civ. P. 16 suggest that the good cause standard may only be satisfied where the deadline set forth in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension."  It has, however, been recognized that "[t]he Court has *great discretion* in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Fed. R. Civ. P. 16(b)." Thoman v. Philips Med. Sys., No. 04-3968, 2007 U.S. Dist. LEXIS 4990, at *27 (D.N.J. Jan. 24, 2007) (Brown, C.J.) (quoting 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 16.14[1][b] (Matthew Bender 3d ed. 1997)).

This Court may set aside any portion of a non-dispositive Magistrate Judge's order only if that order is "found to be clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A).  A finding is considered to be clearly erroneous "'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995) (Woling, J.) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).  Discovery orders, such as the orders at issue in this appeal, are generally considered non-dispositive. Williams v. American Cyanamid, 164 F.R.D. 615, 617 (D.N.J. 1996) (Lifland, J.). Dispositive orders, on the other hand, are subject to *de novo* review.  L. Civ. R. 71.1(c)(2).

Discovery orders are generally considered non-dispositive, Williams v. American Cyanamid, 164 F.R.D. 615, 617 (D.N.J. 1996) (Lifland, J.), but Larmonie urges this Court to review the denial of her request to supplement Dr. Van Duong's expert report as a dispositive

3

order subject to *de novo* review because expert testimony on pain and suffering is required in this case. The Court agrees. The Third Circuit has recognized that "expert testimony is necessary when the seriousness of injury or illness would not be apparent to a lay person." Montgomery v. Pinchak, 294 F.3d 492, 504 (3d Cir. 2002) (citing Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987)). In the present case, Good was shot six times and Dr. Van Duong's proposed report claims that the shots caused the following injuries:

 a. Fracture of two ribs and the pelvic bone.
 b. Injured four out of five lobes of both lungs including the 5 cm x 5 cm (or about 2 inches in diameter) gaping defect along the edge of the left lung.
 c. Injured the tip of the heart with a 2 cm x 1.5 cm defect.
 d. Injured six loops of the small bowel and mesentery.
 e. Blood loss in the chest cavities (225 ml total).
 f. Soft issue damage of the hip and extremity.
 g. Four areas of abrasions dues [sic] to blunt injuries to body surface.

(Proposed Expert Report of Dr. Duc Van Duong, M.D., Cert. of Lucas M. Phillips, Jr., Docket Entry # 28, at Ex. A.) Dr. Van Duong's proposed report also claims that Good had both cocaine and marijuana in his system and that he survived for 47 minutes after being shot. (Id.) Given the severity of the injuries and the presence of drugs in Good's system, the Court finds that a lay person would need expert testimony to understand the extent of Good's pain and suffering from the time he was shot until the time he died. Because Dr. Van Duong's proposed report is Larmonie's only expert evidence of Good's pain and suffering, Magistrate Judge Shwartz's denial of Larmonie's request to serve this report on defendants is dispositive on the issue of pain and suffering and is thus subject to *de novo* review.

Good's pain and suffering is a critical part of plaintiffs' lawsuit. Larmonie's attorney's Certification dated July 18, 2007, sets forth persuasively the importance of Dr. Van Duong's report, the pervasiveness of the issue of pain and suffering throughout the lawsuit, and the absence of surprise and real prejudice to defendants. (Docket Entry # 26.2.) Seen through the

4

lens of "How come this report is late?" Mr. Phillips's statements may not meet the deferential standard, because he points to oversight and does not offer more.  As indicated, however, *de novo* review applies, and the Court acknowledges, as one must, the significance of the Van Duong opinion to Larmonie's case.  Fairness and commitment to a full exposition of the matters at issue before the jury requires that Larmonie be permitted to serve Dr. Van Duong's proposed report.  To that extent, the Court reverses Judge Shwartz's ruling.

The report of Dr. Glass is a different story.  Larmonie does not argue, and the Court does not find, that denial of Larmonie's request to serve Dr. Glass's report is dispositive of any issue in this case.  Thus, Magistrate Judge Shwartz's order is subject to the "clearly erroneous" standard of review.  Mr. Phillips argues in his Certification that Dr. Glass's report was submitted outside of the deadline because of a failure to provide psychiatric and psychological documentation regarding defendant Fazzolari.  Judge Shwartz was aware of that point and of the timing of any mental health documentation supplied by defendants, and she considered that information when she ruled.  This Court cannot say that her decision was clearly erroneous and affirms her decision.

### III.   CONCLUSION

For the foregoing reasons, Judge Shwartz's ruling that plaintiff is precluded from serving her expert's report on Good's pain and suffering is reversed, and Judge Shwartz's ruling the plaintiff is precluded from serving Dr. Glass's report is affirmed.

**SO ORDERED this 11th day of October, 2007.**

/s/  Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.